Fishman, J.
The plaintiff Jeffrey Dyer (“Dyer”) filed a nine-count complaint against the defendants. Five of the counts raise allegations against the defendant Zink Associates d/b/a Zink Manufacturing (“Zink”) *348 successor in interest to Ross Paper Machine Company (“Ross”). Count I alleges that Dyer was injured as a result of the negligent manufacture of a paper manufacturing machine by Zink; Count II alleges negligent design of the machine by Zink; Count VI alleges that Zink provided inadequate warnings as to the hazards of operation of the machine; Count VIII alleges a failure to warn; and Count IX is a claim of unfair and deceptive acts under G.L.c. 93A. This matter is before the Court on Zink’s motion for summary judgment, pursuant to Mass.R.Civ.P. 56, in which Zink alleges that there are no genuine disputes of material fact, and that as a matter of law summary judgment should be granted in its favor. For the reasons set forth below, the motion for summary judgment is ALLOWED.
BACKGROUND
The undisputed facts as revealed by the summary judgment record viewed in the light most favorable to Dyer, as the nonmoving party, are as follows.
On May 12,1998, while in the course of his employment at Creative Paper, Inc. (“Creative Paper”), in Worcester, Massachusetts, Dyer was injured while operating a paper manufacturing machine, known as a “Pope Reel.” The Pope Reel was designed and manufactured by the Fulton Manufacturing Division (“Fulton”) of Ross in 1968. Zink is a New York corporation incorporated in 1981. On September 25, 1984, Zink purchased the assets of the manufacturing division of Ross located in Fulton, New York.
In an informational brochure published by Zink, the defendant promoted the fact that it “purchased the complete engineering and manufacturing facility of Fulton Manufacturing. Company . . .” The brochure also states:
Zink Associates, Inc. now operates under the assumed name of Zink Manufacturing and will continue to serve the paper and plastic industry throughout the world, specializing in rebuilds and break-down orders, for both paper and converting equipment.
The Zink Associates, Inc. Engineering Group has relocated and combined with ex-Fulton Manufacturing’s personnel, retained by Zink Manufacturing.
Zink will also retain the engineering drawings formerly generated by R.P.M.[2] and Fulton Manufacturing Company to assist customers in maintaining their equipment.
The brochure also identifies “Reels” as among the paper machines in its “Product Directory.”
The machine that Dyer was operating came into the possession of Creative Paper sometime in 1996, although details of the manner in which possession was acquired are not a matter of record. During 1996, Zink communicated with Creative Paper, offering services and parts, and providing assembly drawings.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 420 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motor Corp., 410 Mass. 706, 716 (1991).
In this case, the single issue presented by Zink’s summary judgment motion is whether Zink was involved in the design and/or manufacture of the Pope Reel paper machine. Although Zink clearly did not manufacture the machine, Dyer claims that there is a genuine issue of material fact concerning whether Zink is a mere continuation of the Fulton Manufacturing Division of Ross, the manufacturer of the Pope Reel, and therefore, liable as the original manufacturer and seller of die machine.
In McCarthy v. Litton Industries, Inc., 410 Mass. 15 (1991), the Supreme Judicial Court reiterated the “settled rule of corporate law” that the purchaser of assets of a company does not acquire the liabilities of the seller as a result of that purchase. Id. at 21, citing Guzman v. MRM/Elgin, 409 Mass. 563 (1991); Dayton v. Peck, Stow & Wilcox Co. (Pexto), 739 F.2d 690, 692 (1st Cir. 1984); W. Fletcher, Private Corporations §7122 at 231 (rev. per. ed. 1990). There are, however, exceptions to that rule.
[Liability may be imposed on the purchasing corporation (1) where the purchaser impliedly or explicitly agrees to assume the liability of the seller, (2) where the transaction is entered into fraudulently to avoid liability, (3) where the transaction amounts to a de facto merger, or (4) where the purchasing corporation is “merely a continuation” of the selling corporation.
McCarthy, 410 Mass. at 21.
Dyer maintains that Zink’s purchase of Fulton’s assets from Ross was a de facto merger and/or a mere continuation of Ross. The “merger” exception to the general rule of liability requires a “continuity of management” and that the entity that did not survive the merger ceases its ordinary business operations, liquidates and dissolves as soon as practical. Dayton, 739 F.2d at 693 (construing Massachusetts law). Another indicator of a merger is that there is a “continuity of *349 shareholders,” i.e., where the purchaser exchanges its stock for the seller’s assets. Id. Although there is some evidence that Zink retained some of Fulton’s personnel, the summary judgment record is devoid of any evidence that there is a continuity of management, that Ross ceased to operate after the sale of the assets of its Fulton division, or that Ross shareholders received stock in Zink as consideration for the sold assets. Thus, the merger exception does not apply to the case at bar.
Similarly, there is no genuine issue of material fact relating to the “continuation” exception. Where the seller continues to exist after the asset sale, the purchaser cannot be considered the same company, or alter ego, of the seller. McCarthy, 410 Mass. at 22-23. Here, the only evidence is that the assets were sold; there is no evidence that Ross did not continue to exist as a separate entity. There is also no evidence of the other traditional indices of “continuation,” i.e., “continuity of directors, officers, and shareholders.” Id., citing Roy v. Bolens Corp., 629 F.Sup. 1070 (D.Mass. 1986).
Here, the Pope Reel paper machine was manufactured by Ross thirteen years before Zink was incorporated and seventeen years before Zink purchased the Fulton assets. The fact that Zink may have offered Creative Paper ongoing repair and service of the machine, hired Fulton personnel, and purchased its assets from Ross is not enough to create a genuine issue of material fact on the question of whether this asset purchase is exempted from the rule that asset purchasers do not assume the liabilities of the seller.
CONCLUSION
For the foregoing reasons, it is hereby ORDERED that Zink Associates’ motion for summary judgment on Counts I, II, VI, VIII and IX is ALLOWED.

Ross Paper Machinery.